IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH CORNETTE, | § | |
| | § | |
| Petitioner Below, | § | No. 505, 2024 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. 23X-00807 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: November 19, 2025
Decided: February 5, 2026

Before **SEITZ**, Chief Justice; **VALIHURA**, **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices, constituting the Court *en banc*.

Upon appeal from the Superior Court of the State of Delaware. **REVERSED** and **REMANDED**.

John P. Deckers, Esquire (*argued*), Nicole Walker, Esquire, and Alanna R. Farber, Esquire, DELAWARE OFFICE OF DEFENSE SERVICES, Wilmington, Delaware, *for Appellant Joseph Cornette.*

Jordan A. Braunsberg, Esquire, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, Delaware, *for Appellee State of Delaware*.

Richard A. Forsten, Esquire (*argued*), and Michelle Streifthau-Livizos, Esquire, SAUL EWING LLP, Wilmington, Delaware, *for Amicus Curiae*.

**LEGROW**, Justice:

More than thirty years ago, Joseph Cornette pleaded guilty to assault and Driving Under the Influence ("DUI") after he collided with another vehicle while driving drunk. Upon receiving an unconditional gubernatorial pardon of his assault conviction, Cornette petitioned the Superior Court for discretionary expungement of his pardoned conviction. The trial court denied his petition because the pardoned conviction was joined with a "non-expungable" DUI conviction, and the court interpreted Delaware law as requiring all charges in a case to be eligible for expungement before a petition may be granted.

This appeal requires us to determine whether a pardoned conviction is eligible for discretionary expungement under 11 *Del. C.* § 4375 even if the other charges in the case are not eligible to be expunged. We hold that the statute permits a partial expungement and that Cornette's pardoned conviction therefore is eligible for expungement. If the trial court exercises its discretion to expunge the conviction, it may issue a partial expungement order limited to records pertaining to the expunged charge. For the reasons set forth below, we **REVERSE** the trial court's judgment and **REMAND** for further proceedings consistent with this opinion.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

In 1993, twenty-one-year-old Joseph Cornette drove drunk, fell asleep while driving, and caused a head-on collision with another vehicle. Cornette suffered minor injuries, but the other driver was severely injured.

1

The State initially charged Cornette with Vehicular Assault Second Degree and two Title 21 offenses, DUI and Improper Lane Change.[1] The State later dismissed the initial charges and obtained a new indictment that upgraded the Vehicular Assault charge to Vehicular Assault First Degree, added one count of Assault Second Degree, and retained the DUI and Improper Lane Change charges.[2] Cornette pleaded guilty to Assault Second Degree and DUI in exchange for the State entering a *nolle prosequi* on the remaining charges.[3] Cornette served his sentence and satisfied all payment obligations. Since the case was closed in 1996, Cornette has faced no arrests, charges, or convictions.

In March 2022, Cornette applied for a governor's pardon of his Assault Second Degree conviction, which the State did not oppose.[4] Nine months later, then-Governor Carney granted Cornette's pardon.[5]

The Adult Expungement Reform Act governs the mandatory and discretionary expungement of criminal records. The Act explains that:

> "Expungement" means that all law-enforcement agency records and court records relating to a case in which an expungement is granted, including any electronic records, are destroyed, segregated, or placed in the custody of the State Bureau of Identification, and are not released

---

[1] Appellant's Opening Br. at 5.

[2] *Id.*; App. to Opening Br. at A1 (Super. Dkt.).

[3] App. to Opening Br. at A2 (Super. Dkt. at D.I. 6 and 7).

[4] *Id.* at A7–21 (Pardon Application).

[5] *Id.* at A22–24 (Governor's Pardon).

2

in conjunction with any inquiry beyond those specifically authorized under this subchapter.[6]

The statute defines "case" as "a charge or set of charges related to a complaint or incident that are or could be properly joined for prosecution."[7]

Section 4373 governs mandatory expungements, and Sections 4374 and 4375 cover discretionary expungements, creating alternative paths for expungement eligibility. Section 4375 allows an individual to apply for discretionary expungement following a pardon. Subsection (a) states:

> Notwithstanding any provision of this subchapter or any other law to the contrary, a person who was convicted of a crime, other than those specifically excluded under subsection (b) of this section, who is thereafter unconditionally pardoned by the Governor may request a discretionary expungement under the procedures under § 4374(c) through (h) and (j) of this title.[8]

Subsection (b) lists specific convictions that "are not eligible for expungement after a pardon under this section."[9]

Section 4375 does not refer to pardons or expungements in terms of a "case." Instead, the section uses the term "crime," which is undefined in the Act but defined

---

[6] 11 *Del. C.* § 4372(c)(4).

[7] *Id.* § 4372(c)(1); *Osgood v. State*, 310 A.3d 415, 421 n.43 (Del. 2023) ("We also note that Section 4372(c) defines 'Case' and 'Conviction' broadly, and 'Expungement' applies to 'all law-enforcement agency records and court records relating to a case in which an expungement is granted.'").

[8] 11 *Del. C.* § 4375(a).

[9] *Id.* § 4375(b).

in Title 11's general provisions as an "act or omission forbidden by a statute of this State and punishable upon conviction . . . ."[10]

A petitioner for discretionary expungement must file their petition in the Superior Court and serve the Attorney General with a copy of the petition, along with a certified copy of their criminal history as maintained by the State Bureau of Identification ("SBI").[11]  After the petition is filed, Subsection 4374(f) gives the Superior Court discretion to grant or deny expungement, stating in relevant part:

> If the Court finds that the continued existence and possible dissemination of information relating to the arrest or conviction of the petitioner causes, or may cause, circumstances which constitute a manifest injustice to the petitioner, it shall enter an order requiring the expungement of the law-enforcement and court records relating to the charge or case.  Otherwise, it shall deny the petition.  The burden is on the petitioner to allege specific facts in support of that petitioner's allegation of manifest injustice, and the burden is on the petitioner to prove such manifest injustice by a preponderance of the evidence.[12]

If the petition is denied, the petitioner has a right to appeal.[13]

In May 2023, SBI sent Cornette a letter informing him that "a portion of [his] certified criminal history" was eligible for mandatory expungement, and that his pardoned conviction could be eligible for discretionary expungement.[14]  The letter

---

[10] *Id.* § 4375; *see also id.* § 233(a).

[11] *Id.* § 4374(e).

[12] *Id.* § 4374(f).

[13] *Id.* § 4374(g).

[14] App. to Opening Br. at A28 (SBI Expungement Eligibility Letter).

4

attached a copy of Cornette's certified criminal history, which listed the two *nolle prossed* vehicular assault charges and the pardoned assault second conviction.[15] The criminal history did not contain the *nolle prossed* improper lane change charge or Cornette's DUI conviction, though the DUI conviction still appeared on the Superior Court docket.[16]

Later that month, Cornette petitioned the Superior Court for discretionary expungement of his pardoned Assault Second Degree conviction.[17] Cornette did not seek expungement of the *nolle prossed* improper lane change charge or the DUI conviction. The State did not oppose the petition and highlighted Cornette's remorse and lack of any subsequent criminal history.[18]

The trial court denied Cornette's petition for expungement after its initial review, on appeal, and after a motion for reargument. First, a Superior Court commissioner denied the petition, reasoning that DUI-related charges are not

---

[15] *Id.* at A29–30 (SBI Certified Criminal History).

[16] *See id.* at A40 (Commissioner's Order Denying Expungement, dated November 27, 2023) (expressing confusion as to why DUI conviction is not listed in Cornette's criminal record).

[17] *Id.* at A25–35 (Expungement Petition with Attachments). SBI also identified two of Cornette's charges that were eligible for mandatory expungement. *Id.* at A28 (SBI Expungement Eligibility Letter). Mandatory expungement requires an "application through SBI," which is an independent process from a petition for discretionary expungement. *See* 11 *Del. C.* § 4373. Cornette listed the *nolle prossed* vehicular assault charges, which were deemed eligible for mandatory expungement, on his discretionary expungement petition. App. to Opening Br. at A26 (Expungement Petition with Attachments). The record lacks any discussion about why the dismissed charges were listed in Cornette's petition, and neither the parties nor the trial court raised an issue with the inclusion, addressing only the eligibility of the pardoned conviction. We do the same.

[18] App. to Opening Br. at A36–37 (State's Response to Expungement Petition).

eligible for expungement.[19]  On appeal from the commissioner's order, a Superior Court judge denied the petition, but for reasons that differed from the commissioner's analysis.  The court reasoned that 11 *Del. C.* § 4372(c) requires expungement petitions to be reviewed on a case-by-case basis—the "case" here consisting of the Assault Second Degree conviction and the DUI conviction because they were joined in one indictment.  The court held that the Assault Second Degree conviction was not eligible for expungement because the DUI conviction was non-expungable.[20]  The court also denied Cornette's motion for reargument, again reasoning that the Title 21 conviction is ineligible for expungement under Subsection 4372(f)(2) and that the statute does not "allow[] a case to be split into expungable and non-expungable charges or dismiss[] specific charges in a piecemeal fashion."[21]  Throughout the Superior Court proceedings, the State agreed with Cornette's position regarding his eligibility for expungement.

Cornette filed a timely notice of appeal, arguing that the trial court erred by failing to follow Section 4375's unambiguous language allowing discretionary expungement of pardoned convictions and that the trial court's interpretation would lead to an absurd result.  The State agreed with Cornette's position.  We therefore

---

[19] *Id.* at A40–41 (Commissioner's Order Denying Expungement, dated November 27, 2023).

[20] Appellant's Opening Br. Ex. A (Order Denying Cornette's Appeal, dated June 11, 2024).

[21] Appellant's Opening Br. Ex. B, at 5 (Order Denying Cornette's Motion for Reargument, dated November 15, 2024).

appointed *amicus curiae* to represent the opposing position.[22] The *amicus curiae* argued that the trial court correctly interpreted the statute, contending that the entire case must be eligible for expungement and that such a reading does not create an absurd result.

## II. STANDARD OF REVIEW

Cornette's appeal presents a question of law—whether the Superior Court properly interpreted the Adult Expungement Reform Act—which we review *de novo*.[23]

## III. ANALYSIS

The question on appeal is whether 11 *Del. C.* § 4375 permits expungement of less than all of a case following a pardon, or whether a conviction that is pardoned by the Governor is eligible for expungement only if the other convictions in the case are also eligible to be expunged.

When interpreting a statute, we must decide if a statute "is reasonably susceptible to different interpretations, or if giving a literal interpretation to the words of the statute would lead to an unreasonable or absurd result that could not

---

[22] We sincerely thank Richard Forsten, Esquire, and his colleague, Michelle Streifthau-Livizos, Esquire, for their volunteer service, which was professionally rendered in the best traditions of the Delaware Bar.

[23] *Osgood*, 310 A.3d at 418. *See Arnold v. State*, 49 A.3d 1180, 1183 (Del. 2012); *see also Fuller v. State*, 104 A.3d 817, 821 (Del. 2014) ("We, of course, must reach our own *de novo* determination of which interpretation is correct.").

7

have been intended by the legislature."[24]    If one interpretation produces an unreasonable result, we may "reject[] that interpretation in favor of another which would produce a reasonable result."[25]

## A.    Following a pardon, discretionary expungement eligibility is based on the eligibility of the pardoned crime, not the entire case.

Cornette's petition for discretionary expungement pertains to his Assault Second Degree conviction, which was unconditionally pardoned by the Governor. Subsection 4375(a) governs eligibility for discretionary expungements after a pardon, stating:

> Notwithstanding any provision of this subchapter or any other law to the contrary, a person who was convicted of a crime . . . who is thereafter unconditionally pardoned by the Governor may request a discretionary expungement under the procedures under § 4374(c) through (h) and (j) of this title.[26]

Subsection 4375(b) lists convictions that are not eligible for expungement, even after a pardon.[27]

---

[24] *Arnold*, 49 A.3d at 1183.  *See Wilkerson v. State*, 338 A.3d 477, 485 (Del. 2025) (discussing the different interpretation methods when a statute is ambiguous versus unambiguous); *see also Fuller*, 104 A.3d at 821 ("Our starting point in statutory interpretation is the language of the statute itself.").

[25] *Doroshow, Pasquale, Krawitz & Bhaya v. Nanticoke Mem'l Hosp., Inc.*, 36 A.3d 336, 343 (Del. 2012) (quoting *Coastal Barge Corp. v. Coastal Zone Indus. Control Bd.*, 492 A.2d 1242, 1247 (Del. 1985)).

[26] 11 *Del. C.* § 4375(a).

[27] *Id.* § 4375(b) (listing the exclusions as manslaughter, murder in the second degree, murder in the first degree, rape in the second degree, rape in the first degree, and sexual abuse of a child by a person in a position of trust, authority, or supervision in the first degree).

We hold that expungement eligibility for a pardoned crime under Section 4375 is reviewed on a charge-by-charge basis. Section 4375's language is unambiguous: an individual who is "convicted of a crime" and receives an unconditional pardon may seek discretionary expungement of that conviction unless the crime is listed in Subsection (b). Assault Second Degree is not an excluded crime under Subsection 4375(b), and Cornette's pardoned conviction therefore is eligible for expungement.

The trial court erred by reading Section 4372 as creating a categorical rule that requires an "entire case" to be eligible for expungement. That interpretation cannot be reconciled with the statute's structure and Section 4375's plain language. When interpreting a statute, we read language appearing in specific sections or subsections as applying only to those specific portions and their subparts, not the entirety of the statute.[28] The trial court violated that interpretive rule when it relied on Subsection 4372(b)'s use of the language "all charges related to the case" in the definition of

---

[28] *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: INTERPRETATION OF LEGAL TEXTS 156 (2012) (discussing the scope-of-subparts cannon, stating that "[m]aterial within an indented subpart relates only to that subpart; material contained in unindented text relates to all the following or preceding indented subparts"); NORMAN J. SINGER & SHAMBIE SINGER, SUTHERLAND STATUTES AND STATUTORY CONSTRUCTION § 46:6 (7th ed.), Westlaw (database updated November 2025) ("Courts construe a statute to give effect to all its provisions, so that no part is inoperative or superfluous, void or insignificant, and so that one section does not destroy another, unless a provision is the result of obvious mistake or error.") (citations omitted). *See also Salzberg v. Sciabacucchi*, 227 A.3d 102, 117–18 (Del. 2020) ("It is presumed that 'the General Assembly purposefully chose particular language and [we] therefore construe statutes to avoid surplusage if reasonably possible.'") (quoting *Sussex Cnty. Dep't of Elections v. Sussex Cnty. Republican Comm.*, 58 A.3d 418, 422 (Del. 2013)).

"terminated in favor of the accused."[29]  That language is not relevant to Cornette's petition because the term "terminated in favor of the accused" only appears in the mandatory expungement section, and Cornette applied for a discretionary expungement.[30]

The Superior Court was correct that the Act defines some eligibility paths based on whether all the charges in the case may be expunged: Subsections 4373(a)(1) and (2) and 4374(a)(4) explicitly condition expungement eligibility on "all charges in the case" or the "entire case" being eligible for expungement.[31]  But the statutory language requiring the entire case to be expungement eligible is expressly limited to those eligibility paths.  In contrast, Section 4375 defines eligibility based on the pardoned "crime," purposefully using a different term and omitting any language limiting expungement to cases in which all the convictions may be expunged.  The portions of 4374 that Section 4375 incorporates also lack any "entire case" language.[32]

---

[29] *See* 11 *Del. C*. § 4372(b) (defining "terminated in favor of the accused").

[30] *See id.* § 4373(a)(1)(a) (discussing eligibility for mandatory expungement).

[31] *Id.* §§ 4373(a)(1), (2); *id.* § 4374(a)(4).

[32] *Id.* §§ 4374(c)–(h), (j).  Other eligibility paths for discretionary expungement are similarly defined based on the convictions at issue and omit the "entire case" language used elsewhere. *See id.* §§ 4374(a)(1)–(3).

We cannot minimize the legislature's use of different language in Section 4375.[33] To imply requirements that are not present within the section but used in other unrelated subsections would not be reasonable.[34] Accordingly, we find that the Act does not contain a blanket "entire case" rule and that expungement eligibility under Section 4375 is based only on the eligibility of the pardoned crime.

Even if Section 4372 imposed an "entire case" requirement on other types of discretionary expungement, it still would not apply to Section 4375.[35] The "notwithstanding" clause in Section 4375 "clearly signals the drafter's intention that the provisions of the 'notwithstanding' section override conflicting provisions of any other section."[36] Section 4375's plain language, paired with the "notwithstanding" clause, limits eligibility requirements to those explicitly stated in Section 4375; any other conclusion would render the "notwithstanding" clause meaningless.[37]

---

[33] *See* SINGER, *supra* note 28, § 46:6 ("Where a legislature includes particular language in one section of a statute but omits it from another section of the same or a related act, it generally acts intentionally and purposely in the disparate inclusion or exclusion. The omission of the same term or phrase from a similar section is significant to show different legislative intent for the two sections.") (citations omitted).

[34] *See Zambrana v. State*, 118 A.3d 773, 780 n.32 (Del. 2015) ("The legislative body is presumed to have inserted every provision for some useful purpose and construction, and when different terms are used in various parts of a statute it is reasonable to assume that a distinction between the terms was intended.") (quoting *Giuricich v. Emtrol Corp.*, 449 A.2d 232, 238 (Del. 1982) (internal quotation marks omitted)).

[35] Although the issue is not directly before us, imposing an "entire case" rule does not appear to be consistent with the plain language of Section 4374(a)(1)–(4). *See* note 32, *infra*.

[36] *See Cisneros v. Alpine Ridge Gp.*, 508 U.S. 10, 18 (1993); *see also* SCALIA & GARNER, *supra* note 28, at 126 (discussing the use of "notwithstanding").

[37] In addition to the "notwithstanding" language, the provisions imposing expungement restrictions on Title 21 offenses are excluded from consideration in Section 4375, undermining the trial court's

A charge-by-charge interpretation also aligns with the statute's legislative history.[38]  When interpreting a statute, our task "is to ascertain and give effect to the intent of the legislative body."[39]  The General Assembly signaled its intent in Section 4371, stating:

> The General Assembly finds that a criminal history is a hindrance to a person's present and future ability to obtain employment, housing, education, or credit.  This subchapter is intended to protect persons from unwarranted damage which may occur when the existence of a criminal history continues indefinitely.[40]

The statute's intent is to prevent a criminal history from continuing indefinitely by allowing for the expungement of criminal records when an individual satisfies certain requirements.

---

finding that Title 21 cases cannot be expunged under this section.  First, Subsection 4372(f) lists crimes that are not eligible for expungement, which includes most Title 21 offenses, but the provision leads with the caveat of "[e]xcept as otherwise provided under § 4375 of this title," meaning that these exclusions do not apply to Section 4375.  Second, Subsection 4374(i), which bars the expungement of most Title 21 charges, is also expressly excluded in Subsection 4375(a), which expressly incorporates the procedures listed in Subsections 4374(c) through (h) and (j) and thereby unambiguously excludes Subsection 4374(i).  Put differently, the only eligibility exclusions that apply to Section 4375 are the exclusions listed in Subsection 4375(b), which do not include Title 21 offenses.  *See Fuller*, 104 A.3d at 822 ("Under the maxim of statutory interpretation 'expression of the one is exclusion of the other' (in Latin, *expressio unius est exclusio alterius*), we must honor the express legislative decision to omit specific crimes from a comprehensive list.") (citations omitted); *see also* SINGER, *supra* note 28, § 46:6.

[38] Although we find the statute's language to be unambiguous and dispositive, we discuss the legislature's intent because the parties raised it.

[39] *Wilkerson*, 338 A.3d at 485 (quoting *Garrison v. Red Clay Consol. Sch. Dist.*, 3 A.3d 264, 267 (Del. 2010)).

[40] 11 *Del. C.* § 4371.

Recent amendments to the Act have clarified that Section 4375 was intended to stand as an independent path for expungement. In 2021, Senate Bill 38 specifically "[c]larifie[d] that a discretionary expungement that is sought after an unconditional pardon by the Governor . . . is not to be restricted by any of the eligibility requirements or exclusions contained in Section 4374 of Title 11."[41] The trial court's interpretation contravenes that legislative intent by (i) allowing the record of a pardoned conviction to continue indefinitely solely because it is tied to another charge, and (ii) restricting eligibility under Section 4375 by a requirement in Subsection 4374(a)(4). A charge-by-charge interpretation "is most consistent with the policy expressly stated within the statute itself[.]"[42]

In addition, permitting the expungement of a pardoned conviction even if the case contains a Title 21 offense aligns with precedent. In *Fuller v. State*, we held that traffic offenses were not "subsequent adult convictions" under Section 1018.[43] We stated that "[i]f [Title 21] violations were relevant to the [] [c]ourt's decision to grant an expungement request, the court would need to consider a criminal record database other than the database selected by the legislature . . . ."[44] Because SBI's

---

[41] Del. S.B. 38 syn., 151st Gen. Assem. (2021).

[42] *See Fuller*, 104 A.3d at 825.

[43] *Id.* at 826.

[44] *Id.* at 823. In *Fuller*, we also noted that "Title 21 violations are listed in a person's Delaware Criminal Justice Information System, which is not mentioned in the expungement stature." *Id.* at 823 n.37.

13

records are the only records required for adult expungements, *Fuller*'s reasoning extends to our conclusion that a Title 21 offense within the same case does not automatically bar the expungement of a pardoned conviction.[45]

Accordingly, under Section 4375's charge-based expungement scheme, the presence of a Title 21 charge within a case does not automatically bar the expungement of an eligible pardoned conviction. Although the presence of a Title 21 conviction on a petitioner's record may be relevant to the court's manifest-injustice analysis when deciding whether to grant a discretionary expungement,[46] the trial court improperly relied on the presence of a Title 21 conviction within the same case to categorically deny Cornette's petition.

**B.    The statute authorizes partial expungement orders.**

The *amicus curiae* also argues that, as a practical matter, an expungement order cannot be issued on a charge-by-charge basis, reasoning that there is "a lack of any examples or past expungement cases where less than all of the charges were resolved in favor of the applicant."[47] The fact that it is not standard practice for the

---

[45] *See id.* at 823–24.

[46] *See id.* at 824 ("[W]e are not suggesting that Title 21 violations are irrelevant to the expungement process.").

[47] Amicus Br. at 2 n.2.

14

court to grant a partial expungement, however, has no bearing on whether such an expungement scheme is permitted under the statute's plain language.[48]

After an eligible conviction is pardoned, a petitioner may seek discretionary expungement under the procedure set forth in Subsections 4374(c) through (h) and (j). The language in Subsection 4374(f) instructs the court to "enter an order requiring the expungement of the law-enforcement and court records relating to the *charge or case*" upon granting discretionary expungement.[49] Under the conjunctive/disjunctive canon, the use of "or" typically indicates the intent to create alternatives.[50] The *amicus curiae*'s proposed interpretation of Subsection 4374(f), however, reads "or" to mean when (i) a case consists entirely of eligible charges, or (ii) a case consists of a single eligible charge. Notably, this interpretation resists the disjunctive nature of the word "or"; both "options" require all charges within a case to be eligible, creating no meaningful distinction between a "charge" and a "case." When we instead interpret this provision following the conjunctive/disjunctive canon, we read "charge or case" to allow an order to relate to the expungement of a

---

[48] Prior decisions typically discuss whether a "case" is eligible for expungement, which has been the standard approach when reviewing expungement petitions. *See, e.g.*, *Osgood*, 310 A.3d at 419 (noting it is "a case that is eligible for mandatory expungement under Section 4373").

[49] 11 *Del. C.* § 4374(f) (emphasis added).

[50] SCALIA & GARNER, *supra* note 28, at 116 ("Under the conjunctive/disjunctive canon, *and* combines items while *or* creates alternatives . . . . with the disjunctive list, at least one of the three is required, but any one (or more) of the three satisfies the requirement") (italics in original). We do not read this "or" as a "*Synonym-Introducing* or." *See id.* at 122.

15

single charge within a case or to an entire case, giving independent meaning to each term.

We also do not interpret the statute to require "the destruction of records relating to all of the other non-pardoned convictions" if only one of the charges is eligible for expungement.[51] The *amicus curiae* relies on the definition of expungement—pointing out that expungement applies to "*all law-enforcement agency records and court records relating to a case*"—to argue that only cases may be expunged or else the statute would require the destruction of records related to non-expunged charges.[52] We agree that such an outcome would be absurd, especially because "the Expungement Statutes themselves do not contemplate complete elimination of a petitioner's criminal history."[53] But that argument fails to acknowledge the entire definition of expungement, which states that expunged records must be "destroyed, segregated, or placed in the custody of [SBI]."[54] The statute does not require the destruction of all records within a case, instead it provides three options that may be utilized as appropriate to the particular case.

We have not identified any statutory language indicating that a discretionary expungement order must follow an all-or-nothing approach. We find, to the

---

[51] Amicus Br. at 12.

[52] *Id.* at 6–7 (citing 11 *Del. C.* § 4372(c)(4) (emphasis added)).

[53] *Id.* at 11–13.

[54] 11 *Del. C.* § 4372(c)(4).

contrary, that the statute anticipates a judge issuing a partial expungement order. The statute states that an order may apply to any record "relating to a case"[55] or "any charge in that case."[56] The use of this language ensures that all potentially relevant records are identified. The actual expungement of records, however, may be limited to records pertaining to the expunged conviction. Within an order, a judge may provide guidance on the handling of records that are to be segregated or placed in SBI's custody to ensure that non-expunged charges within the case remain. We acknowledge that this approach has not been the court's past practice, but that does not mean that partial expungement cannot be accomplished.[57] Past practices and implementation hurdles do not justify ignoring the plain meaning of a statute and the legislature's intent.

Accordingly, Cornette's pardoned conviction is eligible for discretionary expungement. If the court chooses to exercise its discretion to grant the petition, the court may issue an order, expunging only those records pertaining to the pardoned conviction.

---

[55] *Id.*

[56] *Id.* § 4374(d)(1).

[57] Cornette provided 29 examples of expungement cases in which some non-expunged charges remained in the court's database, but Cornette does not indicate whether the remaining offenses were in the same case as the expunged charges. *See* Appellant's Reply Br. Ex. A.

17

## IV.    CONCLUSION

We **REVERSE** the judgment below and **REMAND** for further proceedings consistent with this opinion.